JUDGE SCHOFIELD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV          4150
--------------------------------------------------------------------------X

BALDWIN ALMANZAR,

Plaintiffs,                    **COMPLAINT**

- against -                                      TRIAL AND JURY
                                                 DEMAND

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT, NEW YORK CITY POLICE OFFICER
STEPHANI GONZALEZ, Shield # 26913, Individually and in her
official capacity as a New York City Police Officer, NEW YORK
CITY POLICE DEPARTMENT 52nd Precinct and "JOHN DOES"
and "JANE DOES", names being fictitious intended to be New
York City Police Officers, individually and in their official
capacities as New York City Police Officers,

Defendants.
--------------------------------------------------------------------------X

        Plaintiff, BALDWIN ALMANZAR, individually, by and through his attorneys,

DRUMMOND & SQUILLACE, PLLC state, upon information and belief, as follows:

## INTRODUCTION

        1.      This is an action seeking compensation and damages pursuant to 42 U.S.C. §§

1983, 1986, 1988, and for Cruel, Unusual and Inhumane Treatment in violation of the 8th

Amendment to the Constitution of the United States Of American,  as well as for claims

including, but not limited to, assault, battery, false imprisonment, intentional infliction of

emotional distress, negligent infliction of emotional distress, negligent hiring, failure to

intercede, neglect to act, negligent retention, negligent supervision, violation of civil rights,

harassment, abuse of authority, deviation and/or gross deviation from proper procedures, malice,

recklessness, carelessness, gross negligence, official misconduct, *respondeat superior* and

punitive damages sustained by Plaintiff BALDWIN ALMANZAR, as a direct and proximate

result of the unconstitutional, tortuous, negligent, reckless, wanton, intentional and/or malicious

acts, conduct and/or omissions of the Defendants herein, in their use of excessive force, assault,

battery, false imprisonment, and infliction of emotional distress (both intentional and negligent)

against the above named Plaintiffs. This action also seeks to recover punitive damages against the Defendants herein.

2.      On or about December 11, 2013,  at approximately 11:00 AM Claimant BALDWIN ALMANZAR was lawfully inside his home/residence located at 2460 Davidson Avenue, Apt. 24A, County of the Bronx, New York 10468,  when POLICE OFFICER STEPHANI GONZALEZ, Shield # 269130 and "JOHN DOES", and "JANE DOES" names being fictitious intended to be New York City Police Officers, unlawfully/forcibly and acting under color of law entered the aforementioned home/residence of the Claimant without a warrant and without probable cause and/or without exigent circumstances.  On or about the aforementioned date and approximate time, while Claimant was lawfully inside his <u>CLOSED</u> bedroom at the aforementioned location with his girlfriend and approximately six month old child, POLICE OFFICER  STEPHANI GONZALEZ, Shield # 269130 and "JOHN DOES", and "JANE DOES" names being fictitious intended to be New York City Police Officers, unlawfully/forcibly and acting under color of law entered the aforementioned bedroom of the Claimant's home/residence without a warrant and without probable cause and/or without exigent circumstances and at that point one of the  "JOHN DOES" name being fictitious intended to be a New York City Police Officer, in the presence of the other New York City Police Officers, without any just and/or legal cause, assaulted and battered the Claimant causing severe injuries to the Claimant's right leg, more specifically and in particular to the Claimant's right knee, shin, joint area. This injury includes, but is not limited to, torn/fractured knee, torn ligaments, torn meniscus and other consequential and related knee and joint injuries. Immediately upon being assaulted by JOHN DOE" name being fictitious intended to be a New York City Police Officer, in the presence of the other New York City Police Officers, without any just and/or legal cause and while acting under color of law, the Claimant's knee made a "popping sound" which was audible to not only the Officer that assaulted the Claimant, but also to all the other officers that were inside of the Claimant's home/bedroom.  In addition, the

3

Claimant immediately cried out in pain in the presence of not only the officer that assaulted the Claimant, but also the other officers that were inside of claimant's home/bedroom. All of the Officers inside of the Claimant's home/bedroom at that time knew and/or had reasons to know that the Claimant was in severe pain and that the Claimant needed immediate emergency medical attention. In addition, the Claimant as well as the Claimant's girlfriend informed the Officers that the Claimant needed emergency medical attention as the Claimant was in severe pain and was not able to ambulate, particularly on the Claimant's right foot. Yet, acting under color of law, POLICE OFFICER STEPHANI GONZALEZ, Shield # 269130 and "JOHN DOES", and "JANE DOES" names being fictitious intended to be New York City Police Officers, unlawfully intentionally refused and denied the Claimant emergency medical care and forced the Claimant to sit on the floor of his apartment while in severe pain and acting under color of law "rear handcuffed" the Claimant so as to preclude the Claimant from rendering any aid to himself or attend to his severely injured leg while the claimant was suffering from the excruciating pain as a result of being assaulted and battered by one of the Officers. In addition, POLICE OFFICER STEPHANI GONZALEZ, Shield # 269130 and "JOHN DOES", and "JANE DOES" names being fictitious intended to be New York City Police Officers, acting under color of law, falsely imprisoned the Claimant in the Claimant's own home/residence by forcing the Claimant to sit on the floor of the Claimant's home/residence without any medical assistance/care for an unreasonable and prolonged period of time, without any just cause while same Officers called the Supervising Sergeant to respond to the Claimant's home. During this time period, the Claimant and the Claimant's girlfriend continuously and repeatedly begged/pleaded with POLICE OFFICER STEPHANI GONZALEZ, Shield # 269130 and "JOHN DOES", and "JANE DOES" names being fictitious intended to be New York City Police Officers, to call Emergency Medical Service as the Claimant was in severe and excruciating pain; however, acting under color of law, POLICE OFFICER STEPHANI GONZALEZ, Shield # 269130 and "JOHN DOES", and "JANE DOES" unlawfully and

4

intentionally refused and denied the Claimant emergency medical care. After being forced to sit on the floor of his home/residence for approximately more than one hour while in excruciating pain and while "rear handcuffed", another Police Officer that Claimant believes to be a New York City Police Sergeant or one in charge of POLICE OFFICER STEPHANI GONZALEZ, Shield # 269130 and "JOHN DOES", and "JANE DOES" also unlawfully entered the Claimant's home/residence without a warrant, without probable cause and without exigent circumstances and immediately upon seeing that Officer, Claimant and the Claimant's girlfriend specifically complained to that officer as to the assault, battery, denial of medical assistance, the false imprisonment, the severe pain and the "rear handcuffed" conditions that were intentionally caused to be visited upon the Claimant at the hands of POLICE OFFICER STEPHANI GONZALEZ, Shield # 269130 and "JOHN DOES", and "JANE DOES". The Sergeant immediately assumed the same posture of cruel, unusual and inhumane treatment of the Claimant by the other officers that the Claimant was experiencing before the Sergeant arrived and same Sergeant, acting under color of law, individually and acting in concert with the others under his supervision, continued to deny the Claimant emergency medical care, continued to falsely imprison the Claimant as the Sergeant, instead of ordering immediate emergency medical care for the Claimant as the Claimant was still crying out in pain and pleading and begging for emergency medical care, spent his time conversing with the other Officers as if he was more interested in ascertaining a plausible explanation for the injuries that Claimant sustained at the hands of POLICE OFFICER STEPHANI GONZALEZ, Shield # 269130 and "JOHN DOES", and "JANE DOES, as opposed to providing immediate medical assistance to the Claimant.

3.      In addition, same Sergeant along with of POLICE OFFICER STEPHANI GONZALEZ, Shield # 269130 and "JOHN DOES", and "JANE DOES, acting in concert with each other and acting under color of law, told the Claimant that they would have Emergency Medical Service respond to the Claimant's home/residence and further directed the Claimant that the Claimant would have to walk down several flight of stairs to a waiting squad car and

5

that they would not transport the Claimant to the hospital, but rather they would be transporting the Claimant to the 52nd. Precinct. Given that it was obvious and apparent to Sergeant along with of POLICE OFFICER STEPHANI GONZALEZ, Shield # 269130 and "JOHN DOES", and "JANE DOES, that the Claimant was in need of emergency medical assistance, each of them individually and collectively had a duty to provide reasonable care for the Claimant as the Claimant was in their individual and collective custody and control; yet none of them lived up to their individual and respective oath of office  in ensuring that the Claimant was provided emergency medical care.  The Sergeant along with Sergeant along with of POLICE OFFICER STEPHANI GONZALEZ, Shield # 269130 and "JOHN DOES", and "JANE DOES" ordered/compelled/directed the Plaintiff to walk down several flight of steps after it was obvious and apparent to each of them individually and collectively that the Claimant was able to do so in a reasonably safe manner.  As the Claimant was forced/compelled/directed by the Sergeant along with of POLICE OFFICER STEPHANI GONZALEZ, Shield # 269130 and "JOHN DOES", and "JANE DOES", under color of law to walk down several flight of steps, while same officers "attempted" to assist Claimant down same flight of stairs, same officers intentionally/negligently caused Plaintiff to slip from their grasp while walking down the flight of steps which caused further injuries to the Claimant's legs.     The manner in which the Sergeant along with of POLICE OFFICER STEPHANI GONZALEZ, Shield # 269130 and "JOHN DOES", and "JANE DOES" acting under color of law, ordered/compelled/directed the Claimant to walk down several flight of steps was captured on surveillance video which has been provided to New York City Police Department, Internal Affairs.  While being transported to the 52nd. Precinct in the Police Car/Squad Car, the Claimant repeatedly pleaded/begged the Officers to transport him to the hospital as he was still suffering from excruciating pain; however, same officers continued to deny the Claimant's repeated requests and simply transported the Claimant to the 52nd. Precinct and placed him in a holding cell. While Claimant was at the 52nd. Precinct in the holding cell, he continued to plead/beg the officers to transport

6

him to a hospital and/or to provide him with emergency medical assistance; however, Claimant's repeated requests were denied for an unreasonable period of time until it became obvious that the Claimant's leg was severely swollen. The Sergeant along with of POLICE OFFICER STEPHANI GONZALEZ, Shield # 269130 and "JOHN DOES", and "JANE DOES", acting under color of law, intentionally denied the Claimant emergency medical care for an unreasonable period of time and finally, after acting under color of law, subjecting the Claimant to cruel and unusual and inhumane treatment for a significant and unreasonable period of time, after it became more than obvious that the Claimant's condition had worsened, the ambulance responded to the 52nd. Precinct and the Claimant was transported to North Central Hospital where the Claimant was provided with Emergency Medical Care.

4.     The Respondents further falsely imprisoned and falsely arrested Claimant BALDWIN ALMANZAR without a warrant or just/probable cause. As a direct and proximate result therefrom, Claimant was caused to be assaulted, battered, falsely arrested, falsely imprisoned and further injured and caused to sustain damages by the deliberate, malicious, intentional, negligent, reckless, careless, wanton and/or unlawful conduct/actions of THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICER STEPHANI GONZALEZ, Shield # 269130 Individually and in her official capacity as a New York City Police Officer, NEW YORK CITY POLICE DEPARTMENT 52nd. PRECINCT and "JOHN DOES", and "JANE DOES", names being fictitious intended to be New York City Police Officers, individually and in their official capacity as New York City Police Officers, their agents, servants, employees, licensees, contractors, subcontractors, employees and other affiliates, agencies and departments in that they intentionally, maliciously, recklessly, with deliberate indifference to human life and each acting in concert with the other and each acting under the color of law, forcibly restrained, falsely imprisoned and falsely arrested Claimant while they pushed, shoved, struck, punched, hit, beat, assaulted and battered Claimant causing him to suffer severe physical injuries including, but not limited to, a

7

dislocated/fractured knee joint, emotional distress, pain, anguish, false imprisonment, false arrest, cruel, unusual and inhumane treatment in violation of the Claimant's New York State and Federal Constitutional Rights and related injuries/damages, including loss of wages/earning potential.

5.      The aforementioned Respondents were further negligent by failing to and/or inadequately hiring, retaining, supervising, controlling, disciplining and/or training their employees/agents, specifically New York City Police Officer STEPHANI GONZALEZ, Shield # 269130 and "JOHN DOES," and "JANE DOES", names being fictitious intended to be New York City Police Officers, each acting in concert with the other and each acting under the color of law. THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE STEPHANI GONZALEZ, Shield # 269130, Individually and in her official capacity as a New York City Police Officer, NEW YORK CITY POLICE DEPARTMENT 52nd. PRECINCT and "JOHN DOES", and "JANE DOES", names being fictitious intended to be New York City Police Officers, individually and in their official capacity as New York City Police Officers, their agents, servants, employees, licensees, contractors, subcontractors, employees and other affiliates, agencies and departments are further negligent in failing to prevent, intercede and/or stop the aforementioned New York City Police Officers from causing Claimants to be pushed, shoved, struck, punched, hit, beaten, assaulted, battered, forcibly restrained, falsely imprisoned and falsely arrested, and further failed to prevent, intercede and/or stop said Officers from causing Claimants to suffer and sustain damages and injuries including, but not limited to, dislocating/fracturing Claimant BALDWIN ALMANZAR'S legs/knee and causing the Claimant emotional distress, pain, anguish, false imprisonment, false arrest, cruel, unusual and inhumane treatment in violation of the Claimant's New York State and Federal Constitutional Rights and related injuries/damages pepper spraying all Claimants.

8

6.     As a direct and proximate result therefrom, Plaintiffs were caused to be assaulted, battered, falsely arrested, falsely imprisoned and further injured and caused to sustain damages by the deliberate, malicious, intentional, negligent, reckless, careless, wanton and/or unlawful conduct/actions of Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICER STEPHANI GONZALEZ, Shield # 26913, Individually and in her official capacity as a New York City Police Officer, NEW YORK CITY POLICE DEPARTMENT 52nd Precinct and "JOHN DOES" and "JANE DOES", names being fictitious intended to be New York City Police Officers, individually and in their official capacities as New York City Police Officers, their agents, servants, employees, licensees, contractors, subcontractors, employees and other affiliates agencies and departments in that they intentionally, maliciously, recklessly with deliberate indifference to human life, and each acting in concert with the other and each acting under the color of law, forcibly restrained, assaulted, battered, and/or falsely imprisoned and falsely arrested Plaintiffs while they pushed, shoved, struck, hit, beat, assaulted and/or battered Plaintiffs causing Plaintiffs to suffer severe physical injuries including, but not limited to: a dislocated/fracture shoulder, pepper-sprayed, property damage, emotional distress, pain, anguish, false imprisonment, false arrest and related injuries/damages.

7.     The aforementioned Defendants the City of New York, the New York City Police Department and the New York City Police Department 113th Precinct are further negligent by failing to and/or inadequately hiring, retaining, supervising, controlling, disciplining and/or training their employees/agents, specifically New York City Police Officer, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICER STEPHANI GONZALEZ, Shield # 26913, Individually and in her official capacity as a New York City Police Officer, NEW YORK CITY POLICE DEPARTMENT 52nd Precinct and "JOHN DOES" and "JANE DOES", names being fictitious intended to be New York City Police Officers, individually and in their official capacities as New York City Police

9

Officers, each acting in concert with the other and each acting under the color of law and in their official capacity as New York City Police Officers, their agents, servants, employees, licensees, contractors subcontractors, employees and other affiliates agencies and departments are further negligent in failing to prevent, intercede and/or stop the aforementioned New York City Police Officers from causing Plaintiffs to be pushed, shoved, hit, beaten, assaulted, battered, forcibly restrained, falsely imprisoned and/or falsely arrested and further failed to prevent, intercede, and/or stop said Officers from causing Plaintiffs to suffer and sustain damages and injuries including, but not limited to: **dislocating/fracturing Claimant BALDWIN ALMANZAR'S legs/knee which required surgery and causing the Claimant emotional distress, pain, anguish, false imprisonment, false arrest, cruel, unusual and inhumane treatment in violation of the Claimant's New York State and Federal Constitutional Rights and related injuries/damages pepper spraying all Claimants.**

8.     As a result of the wrongs that were visited upon the Claimant on the aforementioned date, times and places, the Claimant suffers and continues to suffer from serve injuries—in fact, subsequent to the injuries that Plaintiff sustained at the hands of the Defendants, Plaintiff had to undergo knee surgery and physical therapy and Plaintiff is undergoing psychological counseling.  In addition, Plaintiff, who prior to the within incident was gainfully employed as a taxi driver, has been unable able to work as driving his taxi involves the use of the Plaintiff's feet/foot that was severely injured by the Defendants.  It is anticipated that the Plaintiff will need long term physical rehabilitation and long term psychological counseling and medical care and/or future surgery.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over the within action pursuant to 28 U.S.C. §1343, federal question jurisdiction. This action is brought pursuant to 42 U.S.C. Sections 1983, 1986 and 1988, the Eighth and Fourteenth Amendments to the United States Constitution, and, the Constitution and the laws of the State of New York.  Jurisdiction is founded upon 28 U.S.C.

10

Sections 1331, 1343(1-4) and 2202. Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate pendent state law claims pursuant to 28 U.S.C. Section 1367.

10.    Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. §1391.

## THE PARTIES

11.    That on or about on or about December 11, 2013, and at all times herein mentioned, Plaintiff, BALDWIN ALMANZAR was and is a residents of the State of New York.

12.    That on or about December 11, 2013, and at all times herein mentioned, the Defendant the City of New York, was and is a Municipal Corporation existing by and under the laws of the State of New York.

13.    That on or about December 11, 2013 and at all times herein mentioned, the Defendant the City of New York, was and is a governmental subdivision of the State of New York.

14.    That on or about December 11, 2013 and at all times herein mentioned, Defendant the City of New York is the public employer of Defendants New York City Police Department, New York City Police Department 52nd., Precinct, New York City Police Officer STEPHANI GONZALEZ, shield # 26913 and "John Does", names being fictitious intended to be New York City Police Officers.

15.    That on or about December 11, 2013, and at all times herein mentioned, Defendant, the New York City Police Department is an agency of Defendant the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

16.    That on or about December 11, 2013, and at all times herein mentioned, Defendant, the New York City Police Department 52nd. Precinct is an agency of Defendant the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

11

17.     That on or about December 11, 2013, and at all times herein mentioned, Defendant New York City Police Officer STEPHANI GONZALEZ, Shield # 26913 and "John Does", are agents, licensees, servants and /or employees of Defendants the City of New York, the New York City Police Department, and the New York City Police Department 52nd..

18.     That on or about December 11, 2013, and at all times herein mentioned Defendants "John Does" are agents, licensees, servants and/or employees of the Defendants the City of New York, the New York City Police Department, and the New York City Police Department 52nd. Precinct.

17.     In addition to the facts alleged in the foregoing paragraphs and following paragraphs, the individually named Defendants herein in the following subparagraphs are all sued in their individual and official capacities; all acted under color of law and within the scope of their employment, to wit: under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York:

    a.  Defendant, New York City Police Officer  STEPHANI GONZALEZ, Shield # 26913, was, at all relevant times, a police officer of the New York City Police Department;

    b.  Defendants, "John Does", same being fictitious and intended to be New York City Police Officers, were, at all relevant times, New York City Police Officers.

17.     That on or about December 11, 2013, and at all times herein mentioned, Defendant, the City of New York, owned, operated, managed, controlled, maintained, employed and/or supervised the Defendants the New York City Police Department.

18.     That on or about July 17, 2011, and at all times herein mentioned, Defendant, the City of New York, owned, operated, managed, controlled, maintained, employed and/or supervised the individual Defendants here in, to wit: New York City Police Officer STEPHANI GONZALEZ, Shield # 26913.

12

## NOTICE OF CLAIM

19.     Plaintiffs, in furtherance of their causes of action, timely filed a Notice of Claim against the City of New York in compliance with General Municipal Law Section 50.

20.     More than 30 days have elapsed since service of said Notice of Claim and the City of New York has failed to pay or adjust the Plaintiffs claim.

21.     This action has been commenced within one year and ninety days after the happening of the events upon which these claims arise. (Annexed hereto and listed as Exhibit "A" is a copy of the foregoing notice of claim).

## FACTUAL AND GENERAL ALLEGATIONS

22.     On or about December 11, 2013, at approximately 11:00 AM Plaintiff BALDWIN ALMANZAR was lawfully inside his home/residence located at 2460 Davidson Avenue, Apt. 24A, County of the Bronx, New York 10468, when Defendant New York City Police Department Officer s STEPHANI GONZALEZ and Defendant "John Does", all acting in concert with the other, all acting within the scope of their employment with Defendants the City Of New York, New York City Police Department, and the New York City Police Department 52nd. Precinct, and, all acting under the color of law, assaulted, battered, hit, beat and/or used excessive force, denied the Plaintiff medical care, deprived and denied Plaintiff BALDWIN ALMANZAR of his rights and privileges guaranteed to him by the Constitution of the United States, the constitution of the State of New York and federal and state law when they, without justification, used excessive and unreasonable force against Plaintiff in that they intentionally, maliciously, recklessly, wantonly and with deliberate indifference to human life, forcibly restrained, detained and imprisoned Plaintiff BALDWIN ALMANZAR against his will while they pushed, shoved, struck, hit, beat, assaulted, battered and/or otherwise used excessive force against Plaintiff.

23.     That on or about December 11, 2013, at approximately 11:00 AM Defendant, Defendant New York City Police Department Officers STEPHANI GONZALEZ and "John

13

Does", all acting in concert with the other, all acting within the scope of their employment with Defendants and all acting under the color of law, assaulted, battered, hit, beat and/or used excessive force against Plaintiff BALDWIN ALMANZAR causing injuries/damages including but not limited to: **dislocating/fracturing Claimant BALDWIN ALMANZAR'S legs/knee which required surgery and causing the Claimant emotional distress, pain, anguish,** mental anguish, shock, emotional distress (both intentional and negligent). Defendant New York City Police Officers JOSE VASQUEZ MIRANDA, LIEUTENANT JOZSEF BAN further falsely arrested, detained and/or imprisoned Plaintiff DONALD THOMPSON and assaulted, battered and/or used excessive force against Plaintiffs MARJORIE THOMPSON AND JUSTIN THOMPSON causing injuries including but not limited to: pepper-spraying faces/eyes and property damage.

24. · That on or about December 11, 2013, and at all times herein mentioned, Defendants New York City Police Officer New York City Police Officer STEPHANI GONZALEZ and "John Does", all acting in concert with the other, all acting within the scope of their employment with Defendants City Of New York, New York City Police Department, and the New York City Police Department 52nd. Precinct and all acting under the color of law, caused Plaintiffs, BALDWIN ALMANAR, as a further direct and proximate result of the Defendants' intentional, malicious, reckless, careless, wanton, negligent, grossly negligent and/or unlawful actions, conduct and/or omissions, to incur, and to continue to incur damages for loss of earnings, medical expenses and other related expenses and/or losses for which Plaintiffs claim damages herein.

25. That the Defendants the City of New York, The New York City Police Department and the New York City Police Department 52ND. Precinct were negligent by failing to and/or inadequately hiring, retaining, supervising, controlling, disciplining and/or training their employees/agents, specifically New York City Police Department Officers STEPHANI GONZALEZ and "John Does" and by further failing to prevent, intercede and/or stop the

14

aforementioned individual Defendant officers from unlawfully using unreasonable and excessive force against Plaintiffs by forcibly restraining, detaining and falsely imprisoning Plaintiff against his will while they harassed, pushed, shoved, struck, hit, beat, assaulted, pepper-sprayed and/or battered all Plaintiffs causing Plaintiffs to sustain and suffer serious physical injuries including, but not limited to: fracturing/dislocating Plaintiff BALDWIN ALMANZAR'S KNEE and in causing the Plaintiff mental anguish, shock and/or emotional distress (both intentional and negligent).

26.     The actions of all individual Defendants were performed under color of law, in concert with one another and within the scope of their employment and authority and, for those acts, the Defendants the City of New York, the New York City Police Department and the New York City Police Department 52nd. Precinct are liable under the doctrine of *respondeat superior*.

27.     The actions, conduct and/or omissions by all of the individual Defendants were intentional, deliberate, malicious, negligent, reckless, careless and/or wanton.

28.     The actions, conduct and/or omissions by all of the Defendants violated Plaintiffs' clearly established rights under the Eighth and Fourteenth Amendments of the Constitution of the United States of America, are in violation of the Constitution and the laws of the State of New York and are the direct and proximate cause of the physical injuries, psychological/emotional injuries and other related damages/losses sustained and suffered by the Plaintiffs herein.

29.     The actions of all of the Defendants were intentional, malicious, reckless, wanton and egregious, giving rise to punitive damages as against all Defendants with the exception of the municipality.

## DAMAGES

30.     As a direct and proximate result of the foregoing acts, conduct and/or omissions of the Defendants, the Plaintiffs suffered the following injuries and damages:

15

a. Violation of their rights under the Eighth and Fourteenth Amendments of the Constitution of the United States, Article One, Section Twelve of the New York State Constitution and laws of the State of New York;

b. Physical injuries, pain and suffering, extreme fear, emotional and psychological injuries, trauma, mental anguish, loss of enjoyment of life, emotional distress (both intentional and negligent), loss of earnings, medical expenses;

c. Damages pursuant to 42 U.S.C. §§1983, 1986 and 1988; and

d. Punitive damages.

31. The physical, emotional and/or psychological consequences suffered and sustained by Plaintiffs as a direct result of the Defendants' actions, conduct and/or omissions continue to date and, upon information and belief, will continue into the future.

## CAUSES OF ACTION

### COUNT I

**42 U.S.C. Section 1983—UNREASONABLE AND EXCESSIVE FORCE**

32. Paragraphs 1-31 are incorporated by reference as though fully set forth herein.

33. By their actions, conduct and/or omissions, all of the Defendants named herein, acting under color of law, deprived Plaintiffs of their constitutional rights to be free from excessive and unreasonable force by intentionally, maliciously and with deliberate indifference to human life, battering and/or assaulting Plaintiffs, without justification, causing injuries/damages including, but not limited to, fracturing/dislocating Plaintiff BALDWIN ALMANZAR'S foot/feet knee, false arrest/ imprisonment of Plaintiff BALDWIN ALMANZAR, mental anguish, shock, emotional distress (both intentional and negligent).

34. By their actions, conduct and/or omissions, all of the Defendants named herein, acting under color of law, deprived Plaintiff of his constitutional rights to be free from excessive and unreasonable force by further causing Plaintiffs to incur, and to continue to incur, damages

16

for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiff claims damages herein.

35.     Plaintiffs claim damages herein for the injuries set for above.

## COUNT II

### 42 U.S.C. Section 1983—EIGHTH AND FOURTEETH AMENDMENT VIOLATIONS

36.     Paragraphs 1-35 are incorporated by reference as though fully set forth herein.

37.     Defendants, acting under color of law, deprived the Plaintiffs of their Eight Amendment right to be free from cruel and unusual punishment and their Fourteenth Amendment rights to due process and equal protection under the law.

38.     Each and every of the Defendants' racial animus was expressed by their actions, conduct and/or omissions, individually and collectively, in intentionally and maliciously beating and/or assaulting Plaintiffs without justification including, but not limited to: **dislocating/fracturing Claimant BALDWIN ALMANZAR'S legs/knee which required surgery and causing the Claimant emotional distress, pain, anguish,** false arrest/detaining/imprisonment of Plaintiff BALDWIN ALMANZAR, mental anguish, shock, emotional distress (both intentional and negligent), causing Plaintiffs to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiffs claim damages herein.

39.     Plaintiffs claim damages for the injuries set forth above.

## COUNT III

### 41 U.S.C. Section 1983—CONSPIRACY

40.     Paragraphs 1-39 are incorporated by reference as though fully set forth herein.

41.     The individual Defendants, acting under color of law, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass, intimidate, beat, batter and/or assault the Plaintiffs, denying them the free exercise and enjoyment of the rights and

17

privileges and equal protection of the law secured to them by the Constitution, including the rights to be free from cruel and unusual punishment and to be free from unreasonable and excessive force.

42.     The individual Defendants, acting under color of law, conspired with each other to undertake a course of conduct to intentionally and maliciously beat, batter and/or assault Plaintiffs, without justification causing injuries/damages including, but not limited to: **dislocating/fracturing Claimant BALDWIN ALMANZAR'S legs/knee which required surgery and causing the Claimant emotional distress, pain, anguish**, false arrest/detaining/imprisonment of Plaintiff BALDWIN ALMANZAR, mental anguish, shock, emotional distress (both intentional and negligent), causing Plaintiffs to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiffs claim damages herein, requiring Plaintiffs to undergo medical care/treatment therefore and further causing Plaintiffs to incur, and to continue to incur damages for loss of earnings, medical expenses and other related expenses and/or losses for which Plaintiffs claim damages herein in violation of Plaintiffs' constitutional rights including the right to due process, to be free from cruel and unusual punishment and to be free from excessive and unreasonable force.

43.     Plaintiffs claim damages for the injuries set forth above.

### COUNT IV

### 42 U.S.C. Section 1983—SUPERVISORY LIABILITY

44.     Paragraphs 1-43 are incorporated by reference as though fully set forth herein.

45.     The Defendants had a duty to supervise, manage, control, oversee and/or police the conduct/actions of each and every other Defendant and had a responsibility to oversee the actions/conduct of each other.

46.     The Defendants the City of New York, the New York City Police Department and the New York City Police Department 52ND. Precinct were, at all relevant times herein,

18

responsible for the hiring, training, instructing, supervising, managing, controlling, overseeing and/or disciplining of each and every New York City Police Department Officer and, in particular, Defendants New York City Police Officer's and "John Does" herein named.

47.     The Defendants, the City of New York, the New York City Police Department and the New York City Police Department 52[ND.] Precinct were, at all relevant times herein, responsible for the hiring, training, instructing, supervising, managing, controlling, overseeing and/or disciplining of Defendants New York City Police Officer's Officers  STEPHANI GONZALEZ and "John Does" who intentionally and maliciously battered, beat and/or assaulted Plaintiffs causing injuries/damages including, but not limited to: **dislocating/fracturing Claimant BALDWIN ALMANZAR'S legs/knee which required surgery and causing the Claimant emotional distress, pain, anguish**, false arrest/detaining/imprisonment of Plaintiff BALDWIN ALMANZAR, mental anguish, shock, emotional distress (both intentional and negligent), causing Plaintiffs to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiffs claim damages herein, and, otherwise violated the constitutional rights of the Plaintiffs.

48.     The Defendants knew, and/or in the exercise of due diligence and/or their duty, would have known that the conduct/actions/omissions of Defendants New York City Police Officers STEPHANI GONZALEZ and "John Does" would likely occur.

47.     The Defendants failed to take preventive and/or remedial measures to guard against the unlawful, intentional and malicious use of excessive force, assault and battery against Plaintiff and to prevent the violation of the constitutional rights of the Plaintiff. Had the Defendants taken appropriate action and/or exercised their duty in a reasonable and not in a negligent manner, the violation of Plaintiff's constitutional rights would not have occurred.

48.     The failure of the Defendants the City of New York, the New York City Police Department and the New York City Police Department 52nd. Precinct, in failing to screen, supervise, train, manage, control, oversee and/or discipline Defendants New York City Police

19

Officers JOSE VASQUEZ MIRANDA, LIEUTENANT JOZSEF BAN and "John Does", directly and proximately caused injury to the Plaintiffs.

49.  By their conduct/actions/omissions under color of law and in their supervisory position, the Defendants the City of New York, the New York City Police Department and the New York City Police Department 113th Precinct deprived Plaintiffs of their constitutional rights including the right to be free from excessive and unreasonable force, the right to be free from cruel and unusual punishment, the right to equal protection under the law and the right to due process.

50.  By their conduct/actions/omissions under color of law and in their supervisory position, the Defendants STEPHANI GONZALEZ and "John Does" deprived Plaintiff of his constitutional rights including, but not limited to, the right to be free from excessive and unreasonable force, his right to be free from cruel and unusual punishment, the right to equal protection under the law and the right to due process which directly and proximately caused injury to the Plaintiffs.

51.  Plaintiffs claim damages for the injuries set forth above.

## COUNT V

## 42 U.S.C. Section 1983-MONEL CLAIM

52.  Paragraphs 1-51 are incorporated by reference as though fully set forth herein.

53.  Prior to December 11, 2013 Defendants the City of New York, the New York City Police Department and the New York City Police Department 52nd. Precinct through their official policy-makers, developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens; the very policies and customs which caused the violation of Plaintiffs' constitutional rights herein.

54.  It was the policy and/or custom of Defendants the City of New York, the New York City Police Department and the New York City Police Department 52nd. Precinct to inadequately and improperly investigate the civilian complaints of police officers' misconduct

20

including allegations of excessive force. Instead, acts of racism and harassment were tolerated by Defendants the City of New York, the New York City Police Department and the New York City Police Department 113th Precinct. The foregoing Defendants have substantially failed to investigate and intentionally, and with deliberate indifference, failed to discipline police officers that violated the constitutional rights of citizens.

55.     It was the policy and/or custom of Defendants the City of New York, the New York City Police Department and the New York City Police Department 52nd. Precinct to inadequately and improperly screen and hire police officers who are known, or with reasonable diligence should be known, to possess violent and racist propensity and/or the propensity to assault and/or use excessive force against citizens. The foregoing Defendants have substantially failed to screen and reject such officers.

56.     It was the policy and/or customs of the Defendants City of New York, the New York City Police Department and the New York City Police Department 52nd. Precinct to inadequately and improperly train and supervise police officers who are known, or with reasonable diligence should be known, to be actively engaged in misconduct by, among other actions/omissions, failing to investigate and punish improper/unlawful conduct of police officers; thereby failing to discourage constitutional violations on the part of its officers, as those visited upon Plaintiffs as set forth herein.

57.     Defendants  the City of New York, the New York City Police Department and the New York City Police Department 113th Precinct have been on notice for years that racism, harassment, assault, battery, use of excessive force and/or violations of citizens' constitutional rights are widespread and that particular reforms need to be implemented.

58.     It was the policy and/or custom of Defendants the City of New York, the New York City Police Department and the New York City Police Department 113th Precinct to inadequately screen, hire, train, supervise, manage, control, oversee and/or discipline their

21

officers including those named herein as Defendants; thereby failing to discourage constitutional violations on the part of their officers, as those visited upon Plaintiffs as set forth herein.

59.     The City of New York, the New York City Police Department and the New York City Police Department 52nd. Precinct as a matter of policy and practice, have, with deliberate indifference, failed to adequately screen for hiring and retention and failed to discipline, train or otherwise supervise officers concerning the rights of citizens; thereby causing the Defendant officers in this case to engage in the unlawful actions, conduct and/or omissions against Plaintiffs as described herein.

60.     The foregoing acts, omissions, systemic deficiencies and deliberate indifference to the danger of harm to citizens like the Plaintiffs herein and the need for supplemental or different training, discipline or policies, practices and/or customs of Defendants the City of New York, the New York City Police Department and the New York City Police Department 52nd. Precinct caused their officers, including Defendants New York City Police Officers STEPHANI GONZALEZ and "John Does", to believe that they can violate the rights of citizens with impunity; foreseeably allowing officers to violate the constitutional rights of citizens such as Plaintiffs herein.

61.     As a direct and proximate result of the Defendants' deliberate indifference, Defendants violated Plaintiffs' aforementioned constitutional rights and caused the Plaintiff to suffer substantial harm and injury including, but not limited to:  **dislocating/fracturing Claimant BALDWIN ALMANZAR'S legs/knee which required surgery and causing the Claimant emotional distress, pain, anguish**, false arrest/detaining/imprisonment of Plaintiff BALDWIN ALMANZAR, mental anguish, shock, emotional distress (both intentional and negligent), causing Plaintiffs to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiffs claim damages herein, and, otherwise violated the constitutional rights of the Plaintiffs.

62.     Plaintiffs claim damages for the injuries set forth above.

22

## COUNT VI

### 42 U.S.C. Section 1986 ACTION FOR NEGLECT/FAILURE TO PREVENT

63.     Paragraphs 1-62 are incorporated by reference as though fully set forth herein.

64.     On information and belief, Defendants New York City Police Officers STEPHANI GONZALEZ and the "John Does", had knowledge and/or information that they did not have/possess the justification, authority and/or permission to unlawfully and forcibly restrain, detain, arrest and/or falsely imprison Plaintiff BALDWIN ALMANZAR while they harassed, pushed, shoved, struck, hit, beat, pepper-sprayed assaulted, and/or battered Plaintiff's causing them injuries/damages including, but not limited to: fracturing/dislocating Plaintiff BALDWIN ALMANZAR'S : **dislocating/fracturing Claimant BALDWIN ALMANZAR'S legs/knee which required surgery and causing the Claimant emotional distress, pain, anguish,** false arrest/detaining/imprisonment of Plaintiff BALDWIN ALMANZAR, mental anguish, shock, emotional distress (both intentional and negligent), causing Plaintiffs to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiffs claim damages herein, and, otherwise violated the constitutional rights of the Plaintiffs.

65.     On information and belief, Defendants New York City Police Officers STEPHANI GONZALEZ and the "John Does" named herein, each individually and collectively, had the power and authority to prevent the others individually and/or collectively from engaging in the aforementioned actions conduct and/or omissions against the Plaintiffs and each Defendant, individually and acting in concert with the other, willfully, intentionally and/or negligently neglected and refused to prevent the other from engaging in the aforementioned acts/conduct/omissions.

66.     The Defendants' willful and deliberate failure to act when they each had a duty to do so was the actual and proximate cause of the injuries and damages Plaintiffs suffered and continue to suffer.

23

67.    Plaintiffs claim damages for the injuries set forth above.

## COUNT VII

68.    Paragraphs 1-67 are incorporated by reference as though fully set forth herein.

69.    By their conduct under color of state law, it is believed that Defendants New York City Police Officers STEPHANI GONZALEZ and the "John Does" named herein each individually and collectively, had opportunities to intercede on behalf of Plaintiffs to prevent the unreasonable and excessive force used against Plaintiffs and to prevent the other violations of the constitutional rights of the Plaintiffs but, due to Defendants' intentional conduct and/or deliberate indifference, Defendants declined or refused to do so.

70.    As a direct and proximate result of Defendants' conduct, acts and/or omissions, Plaintiffs suffered the injuries and damages set forth and described above.

71.    Plaintiffs claim damages for the injuries set forth above.

## COUNT VIII VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT FEDERAL CONSTITUTIONAL RIGHTS AND STATE CONSTITUTIONAL RIGHTS

72.    Paragraphs 1-71 are incorporated by reference herein as though fully set forth herein.

73.    Pursuant to the 8th Amendment of the United States Constitution and the Constitution of the State of New York, the Plaintiff has a lawful State and Federal Constitutional right to be free from cruel and unusual punishment which the Defendants, their servants, agents and/or employees are duty and legally bound to honor, uphold and respect.

74.    The Defendants, their agents, servants and/or employees are duty and lawfully bound to refrain from acts, conduct, omissions and/or conditions which offends the concept of decency and human dignity as it relates to the exclusive custody and control that the Defendants, their agents, servants and/or employees possessed over the Plaintiff, when they under color of law and within the scope of their employment, restrains, prevents, preclude and/or deny the

24

Plaintiff the lawful Constitutional Right to seek medical car and assistance, after same Defendants, acting under color of law caused the Plaintiff to suffer injury.

75.. That on or about December 11, 2013, while Plaintiff BALDWIN ALMANZAR Rodriguez was in custody and control of the Defendants, same Defendants, acting under the color of law and in concert with one another, deprived and violated the Plaintiff's Eighth Amendment Federal Constitutional right and New York State Constitutional right to be free from cruel and unusual punishment by their actions, conduct and/or omissions, individually and collectively, when the Defendants failed/refused/denied Plaintiff the proper/required/necessary/needed/timely medical care for the Plaintiff's injuries which were a direct result of the Defendants' tortuous actions.

76. That on about December 11, 2013, while Plaintiff BALDWIN ALMANZAR was in custody and control of the Defendants, same Defendants, acting under the color of law and in concert with one another, denied and/or violated Plaintiff's 8th Amendment Federal Constitutional right and New York State Constitutional right by their actions, conduct and/or omissions and/or their failure to act as same offends the concept of decency and human dignity whereby the Defendants adopted a position of and displayed a deliberate indifference and reckless disregard to the safety, health and wellbeing of the Plaintiff by their intentional failure to respond to the Plaintiff's complaints of injury, pain and suffering and requests for medical care, by forcing/compelling the Plaintiff to walk at least on a broken/fractured/dislocated/sprain and/or foot with torn ligaments which ultimately required surgery down a flight of stairs, to a police car and on or about the 52nd. Precinct for an unreasonable period of time and for failing to transport Plaintiff to a proper medical facility within a reasonable time and for failing to have EMS respond to Plaintiff's apartment and for failing to provide Plaintiff with crutches, a stretcher and/or other appropriate medical walking/transporting aid after the Plaintiff was caused to suffered serious physical injuries at the hands of the Defendants.

77. At the time herein complaint of the Plaintiff fell and broke/fractured/had torn

25

ligament in his knee, the Defendants, Its Servants, Agents and Employees, knew and/or had observed the Plaintiff and knew and/or had reasons to know that the Plaintiff had sustained a severe injury—as while Plaintiff, as the Defendants, Police Officers STEPHANI GONZALEZ and "John Does" named herein each individually and collectively, the Defendants, their servants, agents and/or employees were actually present, actually observed and/or actually caused Plaintiff's injuries and were under a duty to provide medical assistance to the Plaintiff.

78.    Acting under color of law, the Defendants, their agents, servants and/or employees realizing, knowing and/or having reasons to know that the Plaintiff had sustained a serious physical injury while same Plaintiff was under their exclusive care, custody and control, were under a duty of care to provide immediate medical care for/to the Plaintiff.

79.    Acting under color of law and in violation of the Plaintiff's State and Federal Constitutional rights, Defendants, their agents, servants and/or employees, purposefully and intentionally denied/refused Plaintiff medical care and further, acting under color of law and in violation of the Plaintiff's State and Federal Constitutional rights, directed/ordered/forced and/or compelled the Plaintiff to walk on his broken/fractured/torn ligament leg for which he ultimately required surgery, without providing adequate support including but not limited to: a stretcher, wheel chair and/or crutches and without bringing emergency medical services to Plaintiff's apartment.

80.    Further, given that Plaintiff was under the exclusive custody, care and control of the Defendants, the Plaintiff could not seek independent medical attention and/or seek to independently contact 911 and/or seek independent medical assistance for himself as the Defendants, their agents, servants and/or employees, acting under the color of law and in concert with one another, made it clear to the Plaintiff that the Plaintiff could not leave the area, could not seek independent medical assistance, was not allowed to secure a stretcher, was not allowed to secure crutches, was not allowed to seek any other medical assistance without the express authorization of the Defendants, their servants, agents and/or employees.

26

81.    The Defendants, their servants, agents, and/or employees, acting under color of law and in concert with one another, had complete and absolute control of whether they would provide him medical care and of the nature and type of medical care and/or medical assistance the Plaintiff would receive once Plaintiff was caused sustain serious injury at the hands of same Defendants.   Acting under color of law and in concert with one another, the Defendants, their agents, servants and/or employees, denied the Plaintiff the necessary medical care/treatment/assistance/support/equipment that the nature, extent and conditions of Plaintiff's injuries required and mandated at that time, to wit:   Plaintiff was in need of immediate emergency care which required Emergency Medical Service to actually respond to the Plaintiff's apartment where same Defendants, acting in concert with each other, had assaulted the Plaintiff and to place the Plaintiff on a stretcher to immediately transport him to the hospital/medical facility that was duly equipped to treat Plaintiff's injuries.   This foregoing, the Defendants, acting in concert with each other, intentionally denied the Plaintiff.

82.    Rather, Defendants, their agents, servants and/or employees, acting under color of law, and in violation of the Plaintiff's State and Federal Constitutional rights, intentionally denied the Plaintiff the necessary/required/needed/proper/timely medical assistance/medical personnel/medical equipment/medical care that the nature, extent and conditions of Plaintiff's injuries     required     and     further     violated     Plaintiff's     rights     by mandating/ordering/compelling/directing the Plaintiff repeatedly walk on his injury foot, which ultimately required surgery, without providing adequate/proper/timely/required medical care, assistance or support including, but not limited to: a stretcher, wheel chair and/or crutches and without bringing emergency medical services to the court were the Plaintiff fell.

83.    That at the time the Defendants, acting under color of law and in concert with one another, ordered/compelled/directed/forced the Plaintiff to repeatedly walk on his broken/fractured/torn ligament foot, for an unreasonable period of time, without providing any adequate/reasonable/proper/timely medical care, assistance, equipment and/or support, the

27

Plaintiff, who was in the custody, control, under arrests, arrested without warrant and who was assaulted by these Defendants, acting in concert with each other and under color of law, made it absolutely clear to the Plaintiff that he had no choice but to obey their orders.

84.     That for several hours after transporting the Plaintiff to the 52nd Precinct, the Defendants, acting under color of law and within the scope of their employment, continued to deny the Plaintiff necessary and needed medical care, despite repeated requests of the Plaintiff and despite the obvious signs that the Plaintiff was in fact, in need of immediate medical assistance and care.   From the occurrence of the within incident and continuing to while the Plaintiff was at the 52nd. Precinct, the Plaintiff consistently and continuously complained to the Defendants of his injuries, his ongoing pain and suffering and his repeated requests for medical care/treatment but, to no avail, as Defendants, acting under color of law and in concert with the other, with deliberate indifference and reckless disregard for human life and for Plaintiff's health, safety and/or wellbeing, and in blatant violation of the 8th Amendment of the Constitution of the United States of America and the Constitution of the State of New York, unlawfully ignored the Plaintiff's repeated requests for medical care and unlawfully and repeatedly denied/refused him same despite knowing of his serious physical injuries.  As a result, Plaintiff was confined to a holding cell at the 52nd. Precinct to suffer severe and excruciating pain as, at the times when Plaintiff complained of his injuries and of his pain and suffering, Defendants, acting under color of law and in concert with one another, ignored Plaintiff's complaints and requests for medical care.

85.     As a direct and proximate result of the Defendants, its agents, servants, and employees conduct, while acting under color of law, Plaintiff was subjected to severe pain and suffering and, as such, the Plaintiff claims damages for the injuries set forth above.

86.     That the Defendants, their agents, servants and/or employees engaged in the foregoing deliberate indifference and reckless disregard to the care, health, safety, wellbeing and welfare of the Plaintiff in violation of the Plaintiff's 8th Amendment Constitutional Rights

28

87.    As a direct and proximate result of the Defendants, their agents, servants, and/or employees' conduct/actions/omissions, while Defendants were acting under color of law and in concert with one another, Plaintiff sustained serious physical injury and severe pain and suffering and, as such, the Plaintiff claims damages herein for the injuries set forth above.

## PENDENT STATE CLAIMS

## COUNT IX

88.    Paragraphs 1-87 are incorporated by reference as though fully set forth herein.

89.    The individual Defendants, under color of law, conspired with each other to undertake a course of conduct to falsely arrest, falsely imprison assault and/or batter Plaintiffs, with the intent of denying Plaintiffs the equal protection of the laws of the State of New York and the United States of America.

90.    By their actions/omissions, as set forth above, Defendants committed the unlawful use of excessive and unreasonable force, cruel and unusual punishment, assault, battery, false arrest, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, outrageous conduct, negligence, gross negligence, negligent hiring, negligent retention and negligent supervision under the laws of the State of New York.

91.    At all times herein mentioned, the foregoing unlawful conduct, acts and/or omissions by Defendants against Plaintiffs was without justification or cause, without permission and/or authority and was committed forcibly, unlawfully and against the Plaintiffs' will.

92.    All of the foregoing occurred without fault and/or provocation on the part of the Plaintiffs herein.

93.    At all relevant times herein, Defendants New York City Police Officers STEPHANI GONZALEZ and the "John Does" officers named herein were employees of Defendants the City of New York, the New York City Police Department and the New York

29

City Police Department 113th Precinct and, as such, the City of New York is liable under the doctrine of *respondeat superior* for their tortuous actions, conduct and/or omissions.

94.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

95.    Plaintiffs claim damages for the injuries set forth above.

### COUNT X

96.    Paragraphs 1-95 are incorporated by reference as though fully set forth herein.

97.    The Defendants engaged in extreme and outrageous conduct intentionally causing Plaintiffs severe emotional distress.

98.    The Defendants placed Plaintiffs in fear of their physical safety and, as such, negligently and recklessly caused Plaintiffs to suffer emotional distress.

99.    Defendants, their officers, agents, servants, and/or employees were responsible for the intentional and/or negligent infliction of emotional distress suffered by the Plaintiffs.

100.    Defendants New York City Police Officers STEPHANI GONZALEZ and the "John Does" officers named herein were at all times herein mentioned agents, servants, and/or employees acting within the scope of their employment and under the color of law with Defendants the City of New York, the New York City Police Department and the New York City Police Department 52<sup>ND.</sup>, Precinct in intentionally and/or negligently causing Plaintiffs to suffer emotional distress.

101.    Defendants the City of New York, the New York City Police Department, and the New York City Police Department 113th Precinct were and are responsible for the hiring, retention, supervision, management and/or control of the foregoing individual Defendants herein and, as such, are liable pursuant to *respondeat superior* for the acts, conduct and/or omissions of the foregoing individual Defendants named herein.

102.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

103.    Plaintiffs claim damages for the injuries set forth above.

## COUNT XI

104.    Paragraphs 1-103 are incorporated by reference as though fully set forth herein.

105.    As a result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, the Defendants, individually and collectively, and by and through their agents, servants, licensees and/or employees, and in particular by Defendants New York City Police Officers STEPHANI GONZALEZ and "John Does" officers named herein, placed Plaintiffs in apprehension and fear of imminent harmful and/or offensive contact and/or physical injury by including, but not limited to: pepper-spraying Plaintiffs' faces/eyes, fracturing/dislocating Plaintiff BALDWIN ALMANZAR arm causing Plaintiff to suffer/sustain property damage, causing mental anguish, shock, emotional distress (both intentional and negligent) and further causing Plaintiffs to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiffs claim damages herein.

106.    As a result of the foregoing, Defendants committed assault against Plaintiff herein.

107.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

108     Plaintiffs claim damages for the injuries set forth above.

## COUNT XII

109.    Paragraphs 1-109 are incorporated by reference as though fully set forth herein.

110.    As a result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, the Defendants, individually and collectively, and by and through their agents, servants, licensees and or employees, and in particular Defendants New York City Police Officers STEPHANI GONZALEZ and "John Does", unlawfully battered Plaintiffs by hitting, striking, pushing, shoving, pepper-spraying and/or beating Plaintiffs, while Defendants forcibly

31

restrained, detained, falsely arrested and/or falsely imprisoned Plaintiff BALDWIN ALMANZAR against their will causing injuries/damages including, but not limited to: fracturing/dislocating Plaintiff BALDWIN ALMANAR **dislocating/fracturing Claimant BALDWIN ALMANZAR'S legs/knee which required surgery and causing the Claimant emotional distress, pain, anguish**, false arrest/detaining/imprisonment of Plaintiff BALDWIN ALMANZAR, mental anguish, shock, emotional distress (both intentional and negligent), causing Plaintiffs to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiffs claim damages herein, and, otherwise violated the constitutional rights of the Plaintiff.

111.   As a result of the foregoing, Defendants committed battery against Plaintiffs herein and caused Plaintiffs to suffer and sustain serious physical injury.

112.   Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

113.   Plaintiffs claim damages for the injuries set forth above.

## COUNT XIII

114.   Paragraphs 1-113 are incorporated by reference as though fully set forth herein.

115.   As a result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, the Defendants, individually and collectively, and by and through their agents, servants, licensees and/or employees, and in particular by Defendant New York City Police Officer's STEPHANI GONZALEZ and "John Does", unlawfully battered Plaintiffs by hitting, striking, assaulting, battering, pepper-spraying and/or beating Plaintiff, while Defendants forcibly restrained, detained and/or falsely imprisoned Plaintiff BALDWIN ALMANZAR against his will including, but not limited to:  **dislocating/fracturing Claimant BALDWIN ALMANZAR'S legs/knee which required surgery and causing the Claimant emotional distress, pain, anguish**, false arrest/detaining/imprisonment of Plaintiff BALDWIN ALMANZAR, mental anguish, shock, emotional distress (both intentional and negligent),

32

causing Plaintiffs to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiffs claim herein, and, otherwise violated the constitutional rights of the Plaintiff.

116.   That Defendants, in forcibly restraining, detaining, arresting and/or imprisoning Plaintiff BALDWIN ALMANZAR against his will while they assaulted, battered and/or used force against Plaintiff, committed false imprisonment and caused Plaintiffs to suffer and sustain serious injury.

117.   Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

118.   Plaintiffs claim damages for the injuries set forth above.

### COUNT XIV

119.   Paragraphs 1-105 are incorporated by reference as though fully set forth herein.

120.   On or about December 11, 2013, and at all times herein mentioned, Defendants owed Plaintiffs a duty to be free from unlawful assault, battery, false imprisonment, use of excessive force, infliction of emotional distress and physical injury.

121.   That as a result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, Defendants breached the duty they owed to Plaintiffs.

122.   That Defendants' breach was a direct and proximate cause of Plaintiff's injuries including, but not limited to: : **dislocating/fracturing Claimant BALDWIN ALMANZAR'S legs/knee which required surgery and causing the Claimant emotional distress, pain, anguish,** false arrest/detaining/imprisonment of Plaintiff BALDWIN ALMANZAR, mental anguish, shock, emotional distress (both intentional and negligent), causing Plaintiffs to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiffs claim herein, and, otherwise violated the constitutional rights of the Plaintiff.

123.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

124.    Plaintiffs claim damages for the injuries set forth above.

### COUNT XV

125.    Paragraphs 1-124 are incorporated by reference as though fully set forth herein.

126.    The Defendants had a duty to supervise, manage, control, oversee and/or police the conduct/actions of each and every other Defendant and had a responsibility to supervise, manage, control and/or oversee the actions/conduct of each other.

127.    The Defendants the City of New York, the New York City Police Department and the New York City Police Department 52nd. Precinct were and are, at all relevant times herein, responsible for the hiring, training, retention, instructing, supervising, managing, controlling, overseeing and/or disciplining of each and everyone of their officers and, in particular, Defendants New York City Police Officers STEPHANI GONZALEZ, and the "John Does" herein named.

128.    The Defendants the City of New York, the New York City Police Department and the New York City Police Department 113th Precinct were and are, at all relevant times herein, responsible for the hiring, training, retention, instructing, supervising, managing, controlling, overseeing and/or disciplining of their officers and, in particular, Defendants STEPHANI GONZALEZ  and John Does" who intentionally and maliciously falsely imprisoned, detained, restrained, beat, battered, assaulted and/or used excessive force against Plaintiffs causing injuries/damages including, but not limited to: fracturing/dislocating Plaintiff DONALD THOMPSON'S arm, pepper-spraying Plaintiffs' faces/eyes and causing property damage.

129.    The Defendants knew, and/or in the exercise of due diligence and/or their duty, would have known that the conduct/actions/omissions of Defendants New York City Police Officer's STEPHANI GONZALEZ and "John Does" would likely occur.

34

130.    The Defendants failed to take preventive and/or remedial measures to guard against the unlawful, intentional and/or malicious use of excessive force, false imprisonment, assault and/or battery against Plaintiffs and to prevent the violation of the constitutional rights of the Plaintiffs. Had the Defendants taken appropriate action and/or exercised their duty in a reasonable manner, and not in a negligent and/or intentionally malicious/unlawful; manner, the violation of Plaintiffs' constitutional rights would not have occurred.

131.    The failure of the Defendants the City of New York, the New York City Police Department and the New York City Police Department 113th Precinct, in failing to and/or improperly screening, supervising, training, managing, controlling, overseeing and/or disciplining Defendants New York City Police Officers STEPHANI GONZALEZ and "John Does", caused injury to the Plaintiffs.

132.    By their conduct/actions/omissions under color of law and in their supervisory position, the Defendants the City of New York, the New York City Police Department, and the New York City Police Department 52nd. Precinct deprived Plaintiff of their constitutional rights including the right to be free from excessive and unreasonable force, the right to be free from cruel and unusual punishment, the right to equal protection under the law and the right to due process.

133.    The Defendants the City of New York, the New York City Police Department and the New York City Police Department 52nd. Precinct were, at all relevant times herein, negligent in the hiring, retention, training supervision, management and/or control of the individual Defendants named herein.

134.    That the Defendants' negligence was a direct and proximate cause of Plaintiff's injuries and damages herein.

135.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

136.    Plaintiffs claim damages for the injuries set forth above.

35

## COUNT XVI

137.    Paragraphs 1-123 are incorporated by reference as though more fully set forth herein.

138.    As a result of the foregoing unlawful actions, conduct and/or omissions of the Defendants herein the Defendants, each individually and collectively, all acting in concert with the other and acting under the color of law, by and through their agents, servants, licensees and/or employees, failed to intervene and/or prevent the aforementioned unlawful conduct inflicted against Plaintiffs.

139.    As a result of the foregoing, the Defendants, each individually and collectively, all acting in concert with the other and acting under the color of law, by and through their agents, servants, licensees and/or employees, displayed a deliberate indifference to human life and, in particular, to Plaintiffs' right to be free from excessive and unreasonable force, cruel and unusual punishment, assault, battery, false imprisonment, false arrest and/or excessive force.

140.    That the Defendants' unlawful actions, conduct and/or omissions against Plaintiffs is in violation of Plaintiffs' rights pursuant to Article One, Section Twelve of the New York State Constitution.

145.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

146     Plaintiffs claim damages for the injuries set forth above.

## COUNT XVII

147     Paragraphs 1-146 are incorporated by reference as though more fully set forth herein.

148.    The foregoing unlawful acts/conduct/omissions by Defendants against Plaintiffs, each individually and collectively, all acting in concert with the other and acting under the color of law, by and through their agents, servants, licensees and/or employees, against Plaintiffs were

reckless, malicious, intentional, wanton and/or were committed with deliberate and/or reckless indifference to human life and to Plaintiffs' rights, life and well being.

149. As a result of the foregoing, Plaintiffs sustained injuries and damages.

150. Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

151. Plaintiffs claim damages for the injuries set forth above.

152. As a result of the foregoing, Plaintiffs claim punitive damages herein.

## PRAYER FOR RELIEF

153. **WHEREFORE,** Plaintiff, BALDWIN ALMANZAR requests the following relief jointly and severally as against all of the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs and attorney's fees; and

4. For such other further relief to this Court may seem just and proper.

## PLAINTIFF DEMANDS TRAL BY JURY

Dated: Jamaica, New York
June 5, 2014

Respectfully submitted,

STEPHEN L. DRUMMOND, ESQ.
DRUMMOND &SQUILLACE, PLLC
Attorneys for the Plaintiff
BALDWIN ALMANZAR
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
(718) 298-5050

To:

The City of New York
One Centre Street, Room 1225
New York, New York 10007

37

New York City Police Department
New York City Police Department Headquarters
One Police Plaza
New York, New York 10038

New York City Police Department
C/O The Comptroller of the City of New York
One Centre Street, Room 1225
New York, New York 10007

New York City Police Department
C/O Corporation Counsel
100 Church Street
New York, New York 10007

New York City Police Department
C/O 52ND. Precinct
3106 Webster Avenue
Bronx, New York 10467

New York City Police Officer STEPHANI GONZALEZ and "John Does"
100 Church Street
New York, New York 10007

New York City Police Officer STEPHANI GONZALEZ and "John Does"
C/O The Comptroller of the City of New York
One Centre Street, Room 1225
New York, New York 10007

New York City Police Officer STEPHANI GONZALEZ and "John Does"
New York City Police Department Headquarters
One Police Plaza
New York, New York 10038

New York City Police Officer STEPHANI GONZALEZ and "John Does"
52nd. Precinct
3016 Webster Avenue
Bronx, New York 10467

New York City Police Department 52ND. Precinct
3106 Webster Avenue
Bronx, New York 10467

New York Police Department 52ND. Precinct
New York City Police Department Headquarters
One Police Plaza
New York, New York 10038

New York City Police Department 52nd. Precinct
C/O The Comptroller of the City of New York
One Centre Street, Room 1225
New York, New York 10007

38

New York City Police Department 52nd. Precinct
C/O Corporation Counsel
100 Church Street
New York, New York 10007

## ATTORNEY'S VERIFICATION

STEPHEN L. DRUMMOND, an attorney duly admitted to practice before the Courts of the State of New York and the United States District Court, Eastern District of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at DRUMMOND & SQUILLACE, PLLC, attorneys of record for Plaintiff BALDWIN ALMANZAR. I have read the annexed **SUMMONS IN CIVIL ACTION, COMPLAINT** and **JURY DEMAND** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the County wherein I maintain my offices.

DATED:      Queens, New York
              June 4, 2014

_____
STEPHEN L. DRUMMOND, ESQ.

40

EXHIBIT "A"

NOTICE OF CLAIM

-----------------------------------------------------------------------------------------------------X

In the Matter of the Claim of
BALDWIN ALMANZAR,

- against -

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK
CITY POLICE OFFICER STEPHANI GONZALEZ, Shield # 26913, Individually and in her official
capacity as a New York City Police Officer, NEW YORK CITY POLICE DEPARTMENT 52nd., and
"JOHN DOES" and "JANE DOES", names being fictitious intended to be New York City Police
Officers, individually and in their official capacities as New York City Police Officers,
Respondents.

-----------------------------------------------------------------------------------------------------X

TO:
The Comptroller of the City of New York
One Centre Street, Room 1225
New York, New York 10007

Michael A. Cardozo, Esq.
Corporation Counsel
The City of New York
100 Church Street
New York, New York 10007

New York City Police Department
New York City Police Department Headquarters
One Police Plaza
New York, New York 10038

New York City Police Department
C/O The Comptroller of the City of New York
One Centre Street, Room 1225
New York, New York 10007

New York City Police Department
C/O Corporation Counsel
100 Church Street
New York, New York 10007

New York City Police Department
C/O 52nd. Precinct
3016 Webster Avenue
Bronx, NY 10467

New York City Police Officer STEPHANI GONZALEZ, Shield # 26913
C/O Corporation Counsel
100 Church Street
New York, New York 10007

New York City Police STEPHANI GONZALEZ
C/O The Comptroller of the City of New York
One Centre Street, Room 1225

New York, New York 10007

New York City Police Police STEPHANI GONZALEZ
C/O New York City Police Department Headquarters
One Police Plaza
New York, New York 10038

New York City Police Department 52nd. Precinct
3016 Webster Avenue
Bronx, NY 10467

New York City Police Department 52nd. Precinct
C/O The Comptroller of the City of New York
One Centre Street, Room 1225
New York, New York 10007

New York City Police Department 52nd. Precinct
C/O Corporation Counsel
100 Church Street
New York, New York 10007

New York City Police Officer STEPHANI GONZALEZ, Shield # 26913
C/O New York City Police Department
52nd. Precinct
3016 Webster Avenue
Bronx, NY 10467

PLEASE TAKE NOTICE that the undersigned claimant hereby makes claim and demands against you as follows:

1. Name and post office address of each claimant and claimants' attorneys is:

Claimant:                                        Attorney:
Baldwin Almanzar                                 DRUMMOND & SQUILLACE, PLLC
C/O Drummond & Squillace, PLLC                   175-61 Hillside Avenue, Suite 205
175-61 Hillside Avenue, Suite 205                Jamaica, NY 11432
Jamaica, NY 11432                                (718) 298-5050

2. Nature of Claim:

The claimant is claiming multiple causes of action including, but not limited to, excessive force, assault, battery, false imprisonment, false arrest, negligent hiring, negligent training, negligent retention, negligent supervision, negligent/failure to discipline, intentional and/or negligent infliction of emotional distress, cruel and unusual punishment in violation of Claimant's New York State and Federal Constitutional Rights, intentional and/or negligent denial of reasonable medical assistance/care, *respondeat superior*, violation of civil rights, harassment, abuse of authority, deviation and/or gross deviation from proper procedures, malice, recklessness, carelessness, gross negligence, and official misconduct by THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICER  STEPHANI GONZALEZ, Shield # 269130, Individually and in her official capacity as a New York City Police Officer, NEW YORK CITY POLICE DEPARTMENT 52nd PRECINCT, and "JOHN DOES", names being fictitious intended to be New York City Police Officers, individually and in their official capacity as New York City Police Officers, and their agents, servants, employees, licensees, contractors, subcontractors, employees and other affiliates, agencies and departments and all other damages allowed by statute and case law as a result of the foregoing. Claimant seeks herein to recover money damages for personal injuries, pain and suffering, mental anguish, emotional distress (both intentional and negligent), medical expenses, property damage, loss of earnings and related damages incurred by and on behalf of claimant BALDWIN ALMANZAR by reason of the intentional and malicious acts/conduct, negligence, recklessness and carelessness and by reason of denying the Claimant adequate and necessary medical assistance and/or care and for violation of the Claimant's New York State and Federal Constitutional Rights and for subjecting the Claimant to cruel and unusual punishment and for entering the Claimant's residence without lawful and/or probable cause and/or without a warrant and for the invasion of the Claimant's privacy of the aforementioned Respondents, their agents, servants, employees, licensees, contractors, subcontractors, employees and other affiliates, agencies and departments.

3.The time when, the place where and the manner in which the claim arose:

On or about December 11, 2013, at approximately 11:00 AM Claimant BALDWIN ALMANZAR was lawfully inside his home/residence located at 2460 Davidson Avenue, Apt. 24A, County of the Bronx, New York 10468, when POLICE OFFICER **STEPHANI GONZALEZ, Shield # 269130** and "JOHN DOES", and "JANE DOES" names being fictitious intended to be New York City Police Officers, unlawfully/forcibly and acting under color of law entered the aforementioned home/residence of the Claimant without a warrant and without probable cause and/or without exigent circumstances.  On or about the aforementioned date and approximate time, while Claimant was lawfully inside his **CLOSED** bedroom at the aforementioned location with his girlfriend and approximately six month old child, when POLICE OFFICER **STEPHANI GONZALEZ, Shield # 269130** and "JOHN DOES", and "JANE DOES" names being fictitious intended to be New York

City Police Officers, unlawfully/forcibly and acting under color of law entered the aforementioned bedroom of the Claimant's home/residence without a warrant and without probable cause and/or without exigent circumstances and at that point one of the "JOHN DOES" name being fictitious intended to be a New York City Police Officer, in the presence of the other New York City Police Officers, without any just and/or legal cause, assaulted and battered the Claimant causing severe injuries to the Claimant's right leg, more specifically and in particular to the Claimant's right knee, shin, joint area. This injury includes, but is not limited to, torn/fractured knee, torn ligaments, torn meniscus and other consequential and related knee and joint injuries. Immediately upon being assaulted by JOHN DOE" name being fictitious intended to be a New York City Police Officer, in the presence of the other New York City Police Officers, without any just and/or legal cause and while acting under color of law, the Claimant's knee made a "popping sound" which was audible to not only the Officer that assaulted the Claimant, but also to all the other officers that were inside of the Claimant's home/bedroom. In addition, the Claimant immediately cried out in pain in the presence of not only the officer that assaulted the Claimant, but also the other officers that were inside of claimant's home/bedroom. All of the Officers inside of the Claimant's home/bedroom at that time knew and/or had reasons to know that the Claimant was in severe pain and that the Claimant needed immediate emergency medical attention. In addition, the Claimant as well as the Claimant's girlfriend informed the Officers that the Claimant needed emergency medical attention as the Claimant was in severe pain and was not able to ambulate, particularly on the Claimant's right foot. Yet, acting under color of law, POLICE OFFICER **STEPHANI GONZALEZ, Shield # 269130** and "JOHN DOES", and "JANE DOES" names being fictitious intended to be New York City Police Officers, unlawfully intentionally refused and denied the Claimant emergency medical care and forced the Claimant to sit on the floor of his apartment while in severe pain and acting under color of law "rear handcuffed" the Claimant so as to preclude the Claimant from rendering any aid to himself or attend to his severely injured leg while the claimant was suffering from the excruciating pain as a result of being assaulted and battered by one of the Officers. In addition, POLICE OFFICER **STEPHANI GONZALEZ, Shield # 269130** and "JOHN DOES", and "JANE DOES" names being fictitious intended to be New York City Police Officers, acting under color of law, falsely imprisoned the Claimant in the Claimant's own home/residence by forcing the Claimant to sit on the floor of the Claimant's home/residence without any medical assistance/care for an unreasonable and prolonged period of time, without any just cause while same Officers called the Supervising Sergeant to respond to the Claimant's home. During this time period, the Claimant and the Claimant's girlfriend continuously and repeatedly begged/pleaded with POLICE OFFICER **STEPHANI GONZALEZ, Shield # 269130** and "JOHN DOES", and "JANE DOES" names being fictitious intended to be New York City Police Officers, to call Emergency Medical Service as the Claimant was in severe and excruciating pain; however, acting under color of law, POLICE OFFICER **STEPHANI GONZALEZ, Shield # 269130** and "JOHN DOES", and "JANE DOES" unlawfully and intentionally refused and denied the Claimant emergency medical care. After being forced to sit on the floor of his home/residence for approximately more than one hour while in excruciating pain and while "rear handcuffed", another Police Officer that Claimant believes to be a New York City Police Sergeant or one in charge of POLICE OFFICER **STEPHANI GONZALEZ, Shield # 269130** and "JOHN DOES", and "JANE DOES" also unlawfully entered the Claimant's home/residence without a warrant, without probable cause and without exigent circumstances and immediately upon seeing that Officer, Claimant and the Claimant's girlfriend specifically complained to that officer as to the assault, battery, denial of medical assistance, the false imprisonment, the severe pain and the "rear handcuffed" conditions that were intentionally caused to be visited upon the Claimant at the hands of POLICE OFFICER **STEPHANI GONZALEZ, Shield # 269130** and "JOHN DOES", and "JANE DOES". The Sergeant immediately assumed the same posture of cruel, unusual and inhumane treatment of the Claimant by the other officers that the Claimant was experiencing before the Sergeant arrived and same Sergeant, acting under color of law, individually and acting in concert with the others under his supervision, continued to deny the Claimant emergency medical care, continued to falsely imprison the Claimant as the Sergeant, instead of ordering immediate emergency medical care for the Claimant as the Claimant was still

The Respondents further falsely imprisoned and falsely arrested Claimant BALDWIN ALMANZAR without a warrant or just/probable cause. As a direct and proximate result therefrom, Claimant was caused to be assaulted, battered, falsely arrested, falsely imprisoned and further injured and caused to sustain damages by the deliberate, malicious, intentional, negligent, reckless, careless, wanton and/or unlawful conduct/actions of THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICER **STEPHANI GONZALEZ, Shield # 269130** Individually and in her official capacity as a New York City Police Officer, NEW YORK CITY POLICE DEPARTMENT 52nd. PRECINCT and "JOHN DOES", and "JANE DOES", names being fictitious intended to be New York City Police Officers, individually and in their official capacity as New York City Police Officers, their agents, servants, employees, licensees, contractors, subcontractors, employees and other affiliates, agencies and departments in that they intentionally, maliciously, recklessly, with deliberate indifference to human life and each acting in concert with the other and each acting under the color of law, forcibly restrained, falsely imprisoned and falsely arrested Claimant while they pushed, shoved, struck, punched, hit, beat, assaulted and battered Claimant causing him to suffer severe physical injuries including, but not limited to, a dislocated/fractured knee joint, emotional distress, pain, anguish, false imprisonment, false arrest, cruel, unusual and inhumane treatment in violation of the Claimant's New York State and Federal Constitutional Rights and related injuries/damages.

The aforementioned Respondents were further negligent by failing to and/or inadequately hiring, retaining, supervising, controlling, disciplining and/or training their employees/agents, specifically New York City Police Officer **STEPHANI GONZALEZ, Shield # 269130** and "JOHN DOES," and "JANE DOES", names being fictitious intended to be New York City Police Officers, each acting in concert with the other and each acting under the color of law. THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE **STEPHANI GONZALEZ, Shield # 269130**, Individually and in her official capacity as a New York City Police Officer, NEW YORK CITY POLICE DEPARTMENT 52nd. PRECINCT and "JOHN DOES", and "JANE DOES", names being fictitious intended to be New York City Police Officers, individually and in their official capacity as New York City Police Officers, their agents, servants, employees, licensees, contractors, subcontractors, employees and other affiliates, agencies and departments are further negligent in failing to prevent, intercede and/or stop the aforementioned New York City Police Officers from causing Claimants to be pushed, shoved, struck, punched, hit, beaten, assaulted, battered, forcibly restrained, falsely imprisoned and falsely arrested, and further failed to prevent, intercede and/or stop said Officers from causing Claimants to suffer and sustain damages and injuries including, but not limited to, dislocating/fracturing Claimant BALDWIN ALMANZAR'S legs/knee and causing the Claimant emotional distress, pain, anguish, false imprisonment, false arrest, cruel, unusual and inhumane treatment in violation of the Claimant's New York State and Federal Constitutional Rights and related injuries/damages pepper spraying all Claimants.

As a direct and proximate result therefrom, Claimants claim damages herein.

**4.**     Claimant BALDWIN ALMANZAR, Individually, sustained injuries and damages including, but not limited to: severe pain and suffering, physical injuries, injury to his legs, knee, knee joints, internal injuries, fractured/dislocated knee, torn meniscus and other internal ligament/muscular orthopedic knee/leg injuries; emotional distress, pain, mental anguish, false imprisonment, false arrest, cruel, unusual and inhumane treatment in violation of the Claimant's New York State and Federal Constitutional Rights and related injuries/damages pepper spraying all Claimants; loss of earnings, mental anguish, emotional distress (both intentional and negligent), deprivation of liberty and other civil rights. Punitive damages are being claimed as well as attorneys' and fees and costs. As a direct and proximate result therefrom, Claimant has been damaged in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS.

VERIFICATION

STATE OF NEW YORK: COUNTY OF QUEENS:  ss.:

BALDWIN ALMANZAR, being duly sworn, deposes and says that deponent is the above named claimant; deponent has read the foregoing NOTICE OF CLAIM and knows its contents; the same is true to deponent's knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

*Baldwin Almanzar*
BALDWIN ALMANZAR

Sworn to before me this
___ day of February 20) 2014
*(signature)*
Notary Public

JOANN SQUILLACE
Notary Public, Qualified in New York County
State of New York
Reg # 02SQ6083673
Commission Expires 03/27/20___ 2/27/2016

# NOTICE OF CLAIM

In the Matter of the Claim of

BALWIN ALMANZAR,

- against -

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICER STEPHANI GONZALEZ, Shield # 26913, Individually and in her official capacity as a New York City Police Officer, NEW YORK CITY POLICE DEPARTMENT 52nd., and "JOHN DOES" and "JANE DOES", names being fictitious intended to be New York City Police Officers, individually and in their official capacities as New York City Police Officers,
Respondents.

**DRUMMOND & SQUILLACE, PLLC**
**Attorneys for Claimants**
**175-61 Hillside Avenue, Suite 205**
**Jamaica Queens, New York 11432**
**(718) 298-5050**

INDEX NO.:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=================================================================X

BALDWIN ALMANZAR,

Plaintiffs,


- against -

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, NEW
YORK CITY POLICE OFFICER STEPHANI GONZALEZ, Shield # 26913, Individually and in
her official capacity as a New York City Police Officer, NEW YORK CITY POLICE
DEPARTMENT 52nd Precinct and "JOHN DOES" and "JANE DOES", names being fictitious
intended to be New York City Police Officers, individually and in their official capacities as
New York City Police Officers,

Defendants.

=================================================================X


**DRUMMOND & SQUILLACE, PLLC**
**Attorneys for Plaintiff**
***BALDWIN ALMANZAR***
**175-61 Hillside Avenue, Suite 205**
**Jamaica, New York 11432**
**(718) 298-5050**

43